**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Robinson Adelis Torres Carrera,

Petitioner

v.

John Mattos, et al.,

Respondents

Case No.: 2:26-cv-02577-JAD-BNW

**Order Granting Habeas Petition and Ordering Petitioner's Release**

[ECF No. 11]

Robinson Adelis Torres Carrera is a Venezuelan citizen[1] who came to the United States on December 30, 2023. Immigration and Customs Enforcement (ICE) agents detained him after he was arrested for misdemeanor domestic battery, and the government ordered him removed on June 1, 2026. He is currently detained at the Nevada Southern Detention Center (NSDC) in Pahrump, Nevada, awaiting his removal. Carrera seeks a writ of habeas corpus, contending that he never received an individualized custody-determination hearing, his detention is unlawful under *Zadvydas v. Davis*,[2] and the government detained him without terminating his parole or giving him an opportunity to challenge parole revocation. Because there is no indication that Carrera's removal is reasonably foreseeable, I grant his petition and order his release.

**Background**

Petitioner Robinson Adelis Torres Carrera was born in Venezuela and was paroled into the United States in 2023.[3] The government granted him work authorization on February 23,

---

[1] The government states that Carrera is from Mexico, *see* ECF No. 14 at 2, but his paperwork confirms that he is a Venezuelan citizen. *See* ECF Nos. 11-1, 11-2.

[2] *Zadvydas v. Davis*, 533 U.S. 678 (2001).

[3] ECF No. 11 at 4; *see* ECF No. 11-2 at 3.

2024; his Form I-213 states that the authorization expired on December 27, 2025.[4] In late May 2026, the Las Vegas Police Department arrested him for misdemeanor domestic battery.[5] Law enforcement released him while his charges remain pending, but ICE detained him on May 24, 2026.[6] He states that he did not receive an initial custody determination.[7] On June 1, 2026, an immigration judge (IJ) ordered him removed to Venezuela.[8] He waived his right to appeal and remains detained at NSDC.[9]

## Discussion

### A. This court has habeas jurisdiction over Carrera's claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[10] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under the United States' immigration laws.[11] I have repeatedly rejected the respondents' arguments, raised again here, that this court does not have jurisdiction to resolve *Zadvydas* claims under 8 U.S.C. §§ 1252(g) or 1252(b)(9), so I do not repeat that analysis.

---

[4] ECF No. 11 at 4; *see* ECF No. 11-2 at 4.

[5] ECF No. 11 at 4; *see* ECF No. 11-2 at 4.

[6] ECF No. 11 at 4; *see* ECF No. 11-2 at 4.

[7] ECF No. 11 at 4.

[8] *Id.*; *see* ECF No. 11-3.

[9] ECF No. 11 at 4; *see* ECF No. 11-3.

[10] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art 1, § 9, cl. 2).

[11] *Zadvydas*, 533 U.S. at 687; *Demore v. Kim*, 538 U.S. 510, 517 (2003).

**B. Carrera has shown that he is entitled to relief on his prolonged-detention claim.**

***1. The government has authority to detain noncitizens after they have been ordered removed.***

The Immigration and Nationality Act (INA) and its implementing regulations establish a complex set of rules governing the government's authority to arrest, detain, order removed, and deport noncitizens. 8 U.S.C. § 1231(a) governs the detention of noncitizens who have been ordered removed. It establishes a 90-day "removal period" that begins on "(i) the date the order of removal becomes administratively final, (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order," or (iii) the date the noncitizen is released from non-immigration detention.[12] During that 90-day period, detention is mandatory.[13] The statute gives the government the ability to detain a noncitizen beyond that 90-day removal period under § 1231(a)(6) if he is inadmissible; removable "as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy,"[14] or has been determined "to be a risk to the community or unlikely to comply with the order of removal."[15] If those conditions aren't met, the government may release the noncitizen "subject to certain terms of supervision."[16]

---

[12] 8 U.S.C. § 1231(a)(1)(B).

[13] 8 U.S.C. § 1231(a)(2)(A).

[14] *Zadvydas*, 533 U.S. at 682.

[15] 8 U.S.C. § 1231(a)(6).

[16] *Zadvydas*, 533 U.S. at 682 (quoting 8 U.S.C. § 1231(a)(6)) (cleaned up).

***2. The Supreme Court has limited the government's statutory authority to indefinitely detain noncitizens awaiting removal.***

Section 1231(a)(6) contains no limit on the length of time that a noncitizen may be held after his removal order becomes final. But in *Zadvydas v. Davis*, the United States Supreme Court rejected the government's contention that noncitizens can be held indefinitely under § 1231(a)(6) because that interpretation "would raise a serious constitutional problem" under the Fifth Amendment's due-process clause.[17] To avoid those constitutional concerns, the High Court interpreted the statute to permit continued detention only if a noncitizen's removal is "reasonably foreseeable."[18] It determined that six months of post-removal-order detention is presumptively reasonable.[19] But after six months, the noncitizen must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" to show that his prolonged detention exceeds the government's statutory authority and that he should be released from ICE custody.[20] If the noncitizen meets that burden, "the government must respond with evidence sufficient to rebut that showing."[21] And as "the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."[22]

[17] *Id.* at 690.

[18] *Id.* at 699.

[19] *Id.* at 701.

[20] *Id.*

[21] *Id.*

[22] *Id.* (cleaned up).

***3. Carrera's detention is not presumptively reasonable because the government has shown no indication that it is trying to remove him.***

The parties agree that the *Zadvydas* burden-shifting framework triggers at six months,[23] but the government argues that Carrera's removal period didn't start until September 4, 2026.[24] This date, the government argues, is when his removal order became administratively final because it is the date by which Carrera had to appeal the IJ's removal order.[25] This argument fails. Carrera waived his appeal rights, so under the government's own regulations his removal order was final on June 1, 2026.[26] Even if he didn't waive his appeal rights, the removal order would be final on July 1, 2026, not in September.[27] So under either scenario, Carrera's detention falls outside of § 1231(a)'s 90-day removal period.

Carrera has now been detained under a final order of removal for more than five months. That's within the six-month period that the Court in *Zadvydas* found presumptively reasonable. But, as many district courts have concluded, *Zadvydas* did not preclude detainees from challenging their detention before that six-month period elapses.[28] By creating a presumptively reasonable period, the Court left open the possibility that a noncitizen could rebut that

---

[23] *Id.*

[24] *See* ECF No. 14 at 9.

[25] *Id.*

[26] 8 C.F.R. § 1241.1(b) ("An order of removal made by the [IJ] at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon waiver of appeal by the respondent[.]"); *see* ECF No. 15 at 4.

[27] 8 C.F.R. § 1241.1(c); 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal.").

[28] *See Vijani v. Mattos*, 2026 WL 560209 (D. Nev. Feb. 27, 2026); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) (noting that the "six-month presumption is not a bright line" and "*Zadvydas* did not automatically authorize all detention until it reaches its constitutional limits").

presumption. *Zadvydas* ultimately instructed courts to ask whether a noncitizen's detention has "exceed[ed] a period reasonably necessary to secure removal."[29] In cases in which a noncitizen's removal is impossible, that period may end before the six-month presumptively reasonable period ends.[30]

I find that this is one of those cases, so Carrera bears the initial burden of showing that there are "good reasons to believe that there is no significant likelihood of removal in the reasonably foreseeable future."[31] Carrera contends that because of the earthquakes devastating Venezuela in late June, his removal to that country is not reasonably foreseeable.[32] Indeed, he filed a motion to reopen his removal proceedings because of the earthquakes, and he has not been removed in the nearly six months following the IJ's final removal order.[33] I find these representations sufficient to show that it is unlikely that Carrera will be removed in the reasonably foreseeable future.

The government fails to meet its shifted burden to "respond with evidence"[34] rebutting Carrera's showing. The government does not contend that it is taking any steps to effectuate his removal to Venezuela; indeed, it doesn't respond to any of Carrera's arguments because it contends only that this court lacks jurisdiction and Carrera remains in § 1231(a)'s 90-day removal period.[35] The government's lack of particularized evidence does not satisfy its burden

---

[29] *Zadvydas*, 533 U.S. at 699–700.

[30] *See Zavvar v. Scott*, 2025 WL 2592453, at *5 (D. Md. Sept. 8, 2025).

[31] *Zadvydas*, 533 U.S. at 701.

[32] ECF No. 11 at 4, 6.

[33] *Id.* at 4.

[34] *Zadvydas*, 533 U.S. at 701.

[35] *See* ECF No. 14.

to show that there is a significant likelihood that Carrera will be removed in the reasonably foreseeable future. So Carrera's habeas petition on this ground is granted, and I prohibit the federal respondents from re-detaining him absent proof of changed circumstances demonstrating that his removal to Venezuela or any country designated by his reopened removal proceedings is significantly likely to occur in the reasonably foreseeable future. And because his release is warranted based on this showing alone, I do not address Carrera's alternative bases for relief.[36]

## Conclusion

IT IS THEREFORE ORDERED that petitioner Robinson Adelis Torres Carrera's petition for a writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 11] is GRANTED. Petitioner Robinson Adelis Torres Carrera must be released from detention immediately, subject to reasonable conditions of supervision. Imposition of those conditions must not impede Carrera's timely release.**

IT IS FURTHER ORDERED that respondents must file and serve on defense counsel:

(1) notice of the date, time, and location of Carrera's release at least 48 hours before the release is set to occur, and

(2) within four days of this order, notice that Carrera's release was effectuated.

IT IS FURTHER ORDERED that **the federal respondents are enjoined from re-detaining Robinson Adelis Torres Carrera absent proof that his removal to a specific country is reasonably foreseeable.**

---

[36] *Zadvydas*, 533 U.S. at 699–700 (noting that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and holding that, "[i]n that case, of course, the [noncitizen's] release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances").

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

**The Clerk of Court is directed to CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
November 10, 2026